**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) JOHN DOE 1, a minor, by and through his parent and next friend, JANE DOE 1,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No. CIV 22-343-JAR** |
| **(1) INDEPENDENT SCHOOL DISTRICT NO. 2 OF SEMINOLE COUNTY, OKLAHOMA, a/k/a WEWOKA PUBLIC SCHOOLS; and** | ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| **(2) CODY BARLOW;** | ) ) | |
| **Defendants.** | ) | |

<u>**PLAINTIFF'S ORIGINAL COMPLAINT**</u>

Plaintiff John Doe 1, a minor, by and through his parent and next friend, Jane Doe 1, and their attorneys of record, and based on information and belief, alleges and states as follows:

**I.      THE PARTIES**

1.      John Doe 1 is a minor who attended Wewoka Middle School. John Doe 1 was a minor at the times alleged in this complaint and was required to attend school per Oklahoma Statute 70 O.S. § 10-105. At all material times, John Doe 1 was a resident of Seminole County, Oklahoma.

2.      Defendant Wewoka Independent School District No. 2 of Seminole County, Oklahoma, a/k/a Wewoka Public Schools ("Wewoka School District" or the "School District") is a public educational institution located in Seminole County, Oklahoma, and is an Oklahoma school district organized and existing under the laws of the State of Oklahoma with its principle office in Seminole County, Oklahoma. Wewoka School District receives federal funding and is subject to Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681–1688. Wewoka School District

may be served with process at its principal place of business: Attn: Erika Seeley, Clerk of the Wewoka Board of Education, 924 S Seminole Ave., Wewoka, Oklahoma 74884.

3.      Defendant Cody Barlow ("Barlow") has been the Principal of Wewoka Middle School since the 2019-2020 school year and was a teacher there since the 2012-2013 school year. At all relevant times, Barlow was a citizen of the State of Oklahoma and a resident of Seminole County, Oklahoma. Barlow may be served at his place of residence or at any other place he may be properly served.

## II.      JURISDICTION & VENUE

4.      This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331, which gives district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

5.      This Court also has subject matter jurisdiction under 28 U.S.C. § 1343, which gives district courts original jurisdiction over any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

6.      Pursuant to 28 U.S.C. § 1367, this Court also has subject matter jurisdiction over pendent state law claims regarding the violation of the Oklahoma Constitution, state statutes, and common law torts.

7.      Venue is proper in this district, as the Defendants do business in this district, the events giving rise to the claims occurred (at least in part) in this district, and the Defendants reside and/or have their principle place of business in this district.

### III.    FACTUAL BACKGROUND

8.      The Wewoka School District should provide a safe learning environment for its students. It failed to do so.

9.      The Wewoka School District failed to provide its students an environment free of sexual predators. While on school grounds and during school hours, a sexual predator repeatedly preyed on students even after Wewoka School District was notified of the sexual predator's misconduct.

10.     The sexual predator was Wewoka Middle School Principal, Cody Barlow. Barlow molested and committed lewd acts, including but not limited to inappropriately touching or feeling the body or private parts of male students while at Wewoka School District, on campus, and during school hours. Plaintiff was one of Barlow's victims.

11.     Barlow became a teacher in Wewoka during the 2012-2013 school year and became the Principal of Wewoka Middle School during the 2019- 2020 school year.

12.     Barlow was also a youth pastor at the First Baptist Church of Wewoka.

13.     Plaintiff transferred to Wewoka Middle School in the Spring of 2022 as a 6th grader.

14.     Barlow immediately gave Plaintiff special treatment at school, exhibiting what is commonly referred to as "grooming behavior" toward Plaintiff.

15.     For example, Barlow identified Plaintiff for a "gifted" student program; Plaintiff was the only student nominated for such program. Barlow also initiated and escalated improper

3

physical contact with Plaintiff. Barlow would also initiate such inappropriate contact in front of other Wewoka faculty and parents.

16.     Barlow exhibited similar behavior with other male students at Wewoka Middle School. For example, Barlow would often "roughhouse" with members of the boys basketball team in ways that made students uncomfortable. Barlow also spent inordinate amounts of time with boys alone in his office, despite there being no indication such boys were in trouble or otherwise there for disciplinary reasons.

17.     Once becoming Principal, Barlow also moved his office to a location within Wewoka Middle School that provided him with greater privacy for his activities and isolated him—and his victims—from other Wewoka staff and students. Wewoka School District acquiesced.

18.     On the morning of October 12, 2022, Wewoka Middle School counselor, Ashley Azlin, walked into Barlow's office and witnessed Barlow standing behind a 7th grade boy, rubbing the boy's shoulders and thrusting his hips back and forth against the back of the boy. Ms. Azlin let out a yelp, but Barlow did not stop. Ms. Azlin then screamed. Barlow then sat down and placed the boy in his lap, over what Ms. Azlin observed to be Barlow's erect penis.

19.     Ms. Azlin called the Wewoka Police Department, who came and escorted Barlow off the premises. Ms. Azlin was so distraught over what she had witnessed that she was unable to drive, and a police officer had to take her home.

20.     That same day, October 12, 2022, Wewoka Superintendent, Dr. Shellie Gammill, contacted a select group of Wewoka Middle School parents and requested they come to her office. Upon arriving, parents met with Dr. Gammill, and she informed them that Barlow had engaged in inappropriate contact with "several boys."

21.    At this time, it became clear that Wewoka School District knew of Barlow's misconduct long before he was escorted from the school.

22.    During Dr. Gammill's meetings with parents on October 12, 2022, she said that, on another occasion (in approximately September of that year), a parent had walked into Barlow's office and observed him molesting another boy in the same way that Ms. Azlin had observed on October 12, 2022. Dr. Gammill also disclosed that another of Barlow's victims was Native American.

23.    Much later on October 12, 2022, Dr. Gammill notified the Oklahoma State Department of Education (OSDE) that she had placed Barlow on administrative leave due to allegations of inappropriate behavior. She admitted to OSDE that, as of that date, she knew of at least 4 to 5 students involved in Barlow's misconduct.

24.    Despite having knowledge of Barlow's prior misconduct, the Wewoka School District did not notify law enforcement, the Department of Human Services, OSDE, or *the victims' parents* until October 12, 2022—when Barlow was finally escorted off campus and put on administrative leave.

25.    Because of the Wewoka School District's lack of response to Barlow's misconduct, the Wewoka School District allowed Barlow to remain on campus.

26.    Wewoka School District also facilitated Barlow's predatory behavior in various other ways. For example, the Wewoka School District permitted Barlow to chaperone school events, including off-campus and overnight activities. On such occasions, Barlow would be responsible for transporting and housing students, which provided him unfettered and unsupervised access to students in captive environments. This included rides on Wewoka School

5

District buses. It also included nights in remote cabins and hotels in far-away cities—places where children would feel confined, powerless, and utterly at the mercy of Barlow.

27.    Wewoka School District also facilitated Barlow's access to young boys during non-school activities. For example, in his role as youth pastor at Wewoka's First Baptist Church, Barlow would take boys to the now infamous Fall's Creek church camp. And Wewoka School District, at Barlow's request, would provide district buses for Barlow to transport them.

28.    Barlow also exhibited inappropriate behaviors with students outside of school. For example, Barlow told children in his church youth group that he had an extreme addiction to pornography.[1]

29.    Following the events on October 12, 2022, the Oklahoma State Bureau of Investigation (OSBI) launched an investigation into Barlow's misconduct. On October 27, 2022, OSBI agents arrested Barlow and released the following statement:

 **Oklahoma State Bureau of Investigation - Authorized Page**
October 27 at 3:38 PM · 🌐                                                         ···

FORMER WEWOKA MIDDLE SCHOOL PRINCIPAL ARRESTED AFTER INAPPROPRIATE CONTACT WITH A STUDENT

FOR IMMEDIATE RELEASE

WEWOKA, Okla. (October 27, 2022) – Today at 3 p.m., Special Agents from the Oklahoma State Bureau of Investigation (OSBI) arrested 33-year-old Cody Barlow on child sexual assault charges. Agents arrested Barlow at his home in Wewoka without incident and booked him into the Seminole County Jail. Barlow was the principal at the middle school in Wewoka until he was placed on leave on October 12, 2022.

The OSBI investigation began at the request of the District Attorney's Office after being notified that a student was assaulted by Barlow in his office. The male child reported to authorities that Barlow had inappropriate contact with him on multiple occasions this school year. The behavior escalated in September when the child was sexually assaulted.

In addition to being the middle school principal, Barlow was also a youth pastor at a local Wewoka church.
Barlow is facing the following charge:

* Lewd Acts with a Minor

Barlow has a $100,000 bond. If you think your child had inappropriate contact with Barlow, please contact the OSBI at (800) 522-8017 or email tips@osbi.ok.gov.

---

[1] Barlow also told this to children at school.

The OSBI statement confirms there were multiple instances of Barlow's misconduct at Wewoka Middle School—including at least one incident of sexual assault in September—that occurred *before* anyone from the Wewoka School District informed authorities of Barlow's behavior on October 12, 2022.

30.     The Wewoka School District failed to implement and/or execute policies in regard to the reporting of sexual misconduct to state agencies to protect students from further abuse and to end the access to students of suspected predators. These failures resulted in the deprivation of Plaintiff's constitutional, statutory, and common-law rights.

31.     The Wewoka School District failed to ensure that all of its employees, including administrators, were properly hired, trained, retained, and supervised to perform their jobs.

32.     The Wewoka School District is responsible for the acts and omissions of its employees, including its administrators, during the course and scope of their employment.

33.     At all relevant times described, Dr. Shellie Gammill was acting in the course and scope of her employment as a Wewoka School District administrator, including when she interacted with student-victims, faculty, and/or parents.

34.     The Wewoka School District is responsible for the acts and omissions of Dr. Shellie Gammill—and any other school district employees who had knowledge of Barlow's activities—as described herein.

35.     The Wewoka School District is also responsible for the acts and omissions of Barlow with respect to his failure, as Wewoka Middle School Principal, to properly train school employees and implement and/or execute policies regarding the investigating and reporting of sexual misconduct.

36.     Plaintiff was physically, mentally, and emotionally injured by Barlow's misconduct and the Wewoka School District's failure to adequately respond to Barlow's behavior. Plaintiff was scared to attend school and was afraid of being bullied due to Barlow's misconduct.

## IV.     CAUSES OF ACTION

### Count 1 – Violations of 42 U.S.C. § 1983
### (Against Wewoka School District)

37.     Under the Fifth and Fourteenth Amendments, Plaintiff has the right to Due Process and Equal Protection of the Law.

38.     At all times relevant hereto, it was clearly established that Plaintiff had fundamental rights to physical safety and to be free from the infliction of unnecessary pain.

39.     At all times relevant hereto, Defendant Wewoka School District was a state actor acting under the color of state law.

40.     Defendant denied Plaintiff his rights to Due Process and Equal Protection of the Law by:

    a.     enacting inadequate policies, specifically regarding the reporting of suspected sexual misconduct to law enforcement;

    b.     failing to enact and implement adequate policies concerning sexual abuse of students by adults on campus;

    c.     failing to remove suspected sexual predators from campus;

    d.     failing to remove students from classrooms or offices occupied by suspected sexual predators;

    e.     failing to investigate Barlow properly before and after these referenced allegations;

    f.     failing to train and supervise Barlow properly;

8

     g.     failing to hire, train, and supervise Dr. Shellie Gammill and other teachers and/or administrators properly;

     h.     failing to report sexual misconduct to law enforcement;

     i.     failing to report sexual misconduct to parents of victims;

     j.     failing to investigate Barlow's misconduct;

     k.     continuing to employ Barlow and allow him unfettered, unsupervised interaction with students;

     l.     permitting Barlow to move the location of the principal's office to a more secluded location that would facilitate his sexual misconduct;

     m.     failing to adequately train and supervise the Wewoka School District's staff and employees; and

     n.     exhibiting deliberate indifference to the sexual misconduct directed at Plaintiff and others like him.

41.     Wewoka School District has an unconstitutional custom or policy of:

     a.     failing to properly investigate criminal misconduct against students;

     b.     failing to report criminal misconduct against students;

     c.     discounting the credibility of students' allegations;

     d.     failing to adequately train and supervise employees with regard to the investigation and reporting of sexual abuse of students; and

     e.     failing to enact policies that require adherence to reporting requirements.

42.     Wewoka School District's custom or policy was demonstrated by the fact that Defendant received multiple allegations of misconduct regarding Barlow, yet failed to investigate

those allegations or report them to law enforcement and removed Barlow only after a staff member physically observed Barlow molesting a boy in his office.

43.    Defendant's policy is attributable to municipal policymakers including, but not limited to, Superintendent Shellie Gammill, Middle School Principal Cody Barlow, and the Wewoka Board of Education.

44.    The inadequate policies and resulting failures to train allowed Barlow, as a Wewoka School District employee, to violate Plaintiff's constitutional rights to equal protection and due process.

45.    Further, Defendant affirmatively acted to create, or increased the Plaintiff's exposure and/or vulnerability to, or danger from, Barlow's misconduct.

46.    Molestation of students at a middle school and during school sponsored activities is a danger to those students.

47.    A school environment where children are feloniously touched and/or receive lewd or lascivious communications from adults is a dangerous environment.

48.    School bus rides and school-sponsored trips and activities where children are feloniously touched and/or receive lewd or lascivious communications from adults is a dangerous environment.

49.    School bus rides and school-sponsored trips and activities where children are under the close, direct supervision of school-appointed adult chaperones that feloniously touch and/or lewdly or lasciviously communicate with students is a dangerous environment.

50.    Wewoka School District was a dangerous environment for its students, including Plaintiff.

51.    Trips and activities sponsored by and under the supervision and control of Wewoka School District were dangerous environments for its students, including Plaintiff.

52.    Plaintiff was a member of a limited and specifically definable group—namely, male, minor students.

53.    Wewoka School District created the danger or increased Plaintiff's vulnerability to the danger by effectively ignoring numerous allegations of sexual misconduct by Barlow; not immediately removing Barlow from campus after receiving notice of his misconduct; continuing to allow Barlow unfettered and unsupervised access to students in his office, on school buses, and on school trips; not effectively investigating allegations of misconduct by Barlow; and/or not immediately reporting the allegations of misconduct to law enforcement and/or the students' parents.

54.    Wewoka School District's conduct put Plaintiff and others like him at substantial risk of serious, immediate, and proximate harm. That risk included the risk of being abused while at Wewoka Middle School and during school-sponsored trips and activities. Indeed, Plaintiff and other students were abused by Barlow *after* Wewoka School District had notice of Barlow's misconduct.

55.    The risk of danger was obvious or known to Wewoka School District, including due to disclosure of Barlow's misconduct to Superintendent Shellie Gammill.

56.    Wewoka School District's actions and inactions created an opportunity for Barlow to continue to abuse Plaintiff and other students, as those actions stripped necessary aid from Plaintiff and others. Reporting Barlow's misconduct to law enforcement and/or victims' parents could have enabled law enforcement, regulatory bodies, or parents to have sheltered Plaintiff and other students from Barlow's predatory behavior, including by removing Barlow from Wewoka

School District, removing Plaintiff and/or other students from Wewoka School District, or otherwise preventing Barlow from further access to Wewoka students including Plaintiff.

57.     Wewoka School District acted recklessly in conscious disregard of this risk.

58.     Wewoka School District's conduct shocks the conscience.

59.     Wewoka School District's and its officials' failings as described above resulted in Plaintiff and other students suffering severe emotional distress, psychological damage, significant pain and suffering, and/or personal humiliation.

**Count 2 – Violations of Title IX**
**(Against Wewoka School District)**

60.     Wewoka School District receives federal financial assistance.

61.     Defendant's disregard of the sexual misconduct of Barlow was so severe and objectively offensive that it deprived Plaintiff of education opportunities and benefits provided by his public schooling.

62.     Defendant created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) (Title IX), because:

a.     Plaintiff was a member of a protected class;

b.     Plaintiff was subjected to sexual harassment in the form of sexual pursuit and sexual misconduct by a person on campus of the Wewoka School District; and

c.     Plaintiff was subject to harassment based on his sex.

63.     Plaintiff suffered sexual harassment and/or abuse; therefore, the discrimination was on the basis of sex. In addition, the discrimination was on the basis of sex because only males

endured the abuse. No female students were subjected to the abuses suffered by Plaintiff or the other male victims.

64.    Plaintiff was subjected to a hostile educational environment created by the Defendant's lack of policies and procedures and failure to properly investigate and/or report sexual misconduct.

65.    Defendant and its officials had knowledge, including actual knowledge, of the sexual misconduct Plaintiff suffered as a result of Defendant's failure to notify law enforcement.

66.    Teachers, principals, and administrators are appropriate persons to receive complaints for purposes of a Title IX claim.

67.    Further, Dr. Shellie Gammill was the appropriate person to receive complaints of sexual misconduct at the Wewoka School District, as she exercised control over Cody Barlow and/or Wewoka Middle School, where Barlow's misconduct occurred.

68.    Barlow's misconduct was a substantial danger and risk to the Wewoka School District's students.

69.    Defendant had evidence of more than a single, uncorroborated report of inappropriate touching of a male student by Barlow.

70.    The harassment suffered by Plaintiff was severe, pervasive, and objectively offensive.

71.    Defendant had sufficient control over Cody Barlow and Wewoka Middle School to confer the ability to remedy Barlow's misconduct.

72.    Defendant acted with deliberate indifference by failing to properly investigate allegations of Barlow's misconduct and to inform law enforcement or other governmental officials. Defendant's inactions were clearly unreasonable in light of the known circumstances.

73.     Defendant's actions and inactions caused students, including Plaintiff, to undergo further sexual misconduct by Barlow and made them vulnerable to that sexual misconduct.

74.     Defendant persisted in its actions and inactions even after it had actual knowledge of Barlow's sexual misconduct.

75.     Defendant's failure to promptly and appropriately respond to the alleged sexual harassment and sexual misconduct resulted in Plaintiff, on the basis of his sex, being excluded from participation in, being denied the benefit of, and/or being subjected to discrimination in the Defendant's education program in violation of Title IX.

76.     Plaintiff and other boys similarly situated did not receive an equal education as the girls because they were subjected to sexual harassment, sexual abuse, and/or inappropriate conduct by their Middle School Principal Cody Barlow.

77.     Defendant failed to take immediate, effective remedial or preventative steps to resolve, investigate, or prevent further sexual assaults. Instead, the Defendant acted with deliberate indifference toward Plaintiff and other male students.

78.     Defendant's response was clearly unreasonable in light of the circumstances known to them.

79.     Defendant's actions, including but not limited to its failure to effectively and immediately investigate Barlow's misconduct and to continue to allow Barlow unfettered and unsupervised access to children, were not reasonable responses to the substantial risk of sexual misconduct.

80.     Defendant dismissed allegations of Barlow's sexual misconduct.

81.     In response to allegations of Barlow's sexual misconduct, Defendant did not conduct a legitimate investigation.

14

82.     Defendant could have exercised its inherent authority over school property to immediately prohibit Barlow from entering school property and abusing Plaintiff and other students. It did not.

83.     Defendant engaged in a pattern and practice of behavior that failed to fully investigate, alert, and protect students from sexual misconduct within the school district.

84.     Defendant's actions were the direct and proximate cause of Plaintiff being deprived of a safe and harassment-free educational environment.

85.     As a result of the Wewoka School District's actions, Plaintiff has suffered and continues to suffer severe emotional distress and/or phycological damage and/or significant pain and suffering and/or personal humiliation.

### Count 3 – Assault and Battery
### (Against Cody Barlow)

86.     Barlow acted intentionally with the intent of making harmful contact with Plaintiff.

87.     Barlow acted without the consent of Plaintiff.

88.     Barlow's actions resulted in harmful contact with Plaintiff.

89.     As a direct result of the assault and battery, Plaintiff has suffered injuries and damages.

90.     The actions of Barlow were reckless and in disregard for the rights of others, including the rights of Plaintiff.

### Count 4 – Intentional Infliction of Emotional Distress
### (Against Cody Barlow)

91.     The physical and mental abuse that Barlow inflicted on Plaintiff was done maliciously and sadistically.

92.     Barlow's actions were extreme and outrageous and beyond the bounds of decency.

93.     Barlow's actions were atrocious and utterly intolerable in a civilized society.

94.     As a direct result of Barlow's actions, Plaintiff was severely traumatized, beyond which a reasonable young boy would be expected to endure.

95.     Barlow intentionally and/or recklessly caused Plaintiff emotional distress.

96.     Barlow's actions were intentional and/or reckless, with disregard for the rights of others, including the rights of Plaintiff.

## V.     PRAYER

97.     Plaintiff respectfully requests judgment in his favor and against Defendants as follows:

      a.     compensatory damages, including Plaintiff's physical damages as well as for his psychological and emotional distress;

      b.     punitive damages;

      c.     injunctive relief;

      d.     all other damages or relief deemed appropriate by the Court or jury;

      e.     costs; and

      f.     reasonable attorneys' fees.

Respectfully submitted,

*/s/ Bradley E. Beckworth*
Bradley E. Beckworth, OBA No. 19982
Ross Leonoudakis, OBA No. 34570
Nathan B. Hall, OBA No. 32790
NIX PATTERSON, LLP
8701 Bee Cave Road
Building 1, Suite 500
Austin, TX 78746
Telephone: (512) 328-5333
Facsimile: (512) 328-5335

*Bbeckworth@nixlaw.com*
*Rossl@nixlaw.com*
*Nhall@nixlaw.com*

CAMERON SPRADLING, OBA No. 8509
*Attorney & Counselor at Law*
500 North Walker Ave., Suite 100
Oklahoma City, OK  73102
Telephone: (405) 605-0610
Facsimile: (405) 605-0615
*Cameron@CameronSpradling.com*


**ATTORNEYS FOR PLAINTIFF**